## McGOWAN v. LEHIGH VALLEY R. CO.

District Court, S. D. New York.

Dec. 29, 1942.

Gerald Donovan, of New York City (Edmond M. Hanrahan, of New York City, of counsel), for plaintiff.

Alexander & Green, of New York City, for defendant.

HULBERT, District Judge.

Plaintiff, as an attorney at law, admitted to practice in the States of Rhode Island and New York and the District of Columbia, sues to recover a substantial sum of money for advice and services in connection with the prosecution of a claim. against the German Government for damage suffered by the defendant as the result of the Black Tom explosion during World War No. 1.

Defendant, denying the liability in its answer, sets up, inter alia, the following defenses:

"Sixth Defense. 22. Prior to the times referred to in the complaint and bill of particulars, the plaintiff, representing himself to be an attorney-at-law and counsellor and solicitor of Washington, District of Columbia, entitled to practice law in the District of Columbia, solicited the defendant and numerous other persons and corporations to permit him to prosecute claims arising out of World War No. 1 against the Government of Germany.

"23. Such solicitation was and is contrary to law and public policy, and any contract of employment resulting therefrom is null and void."

"Seventh Defense. 25. Thereafter and prior to the times referred to in the complaint and bill of particulars, the plaintiff representing himself to be an attorney-at-law and counsellor and solicitor of Washington, District of Columbia, entitled to practice law in the District of Columbia, solicited the defendant and other persons and corporations to permit plaintiff to prosecute their claims arising out of said explosion and fire against the Government of Germany."

Plaintiff moves to strike the sixth affirmative defense on the ground that it is insufficient in law and does not state facts sufficient to constitute a defense; is improper, immaterial, impertinent and scandalous; and also moves to strike out paragraph 25 of the seventh affirmative defense on the ground that the same is improper, immaterial, impertinent and scandalous, and will tend to prejudice and embarrass a fair trial of this action.

Rule 8(c), F.R.C.P., 28 U.S.C.A. following section 723c, provides:

"In pleading to a preceding pleading, a party shall set forth affirmatively * * * fraud, illegality, * * * and any other matter constituting an avoidance or affirmative defense. * * *"

■ The test seems to be whether the objection can be taken on a motion to dismiss. If not, then it must be taken by way of an affirmative defense.

■ On the face of the answer, the paragraphs involved appear to be insufficient. In the brief submitted on behalf of the defendant it is stated: "We do not intend to prove that he (plaintiff) solicited the defendant to permit him to prosecute any other claim," but "intend to prove * * * that the plaintiff did solicit the defendant to permit him to prosecute the claim as alleged in the complaint," and that "we do not and did not intend to charge that the plaintiff was guilty of champerty."

In view of these admissions, the motion will be granted, with leave to the defendant to plead over as to such defenses within ten days. Settle order on notice.